# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40571
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2019

Lyle W. Cayce
Clerk

RUBIK ATAMIAN,

      Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS - PAN AMERICAN; CYNTHIA BROWN; HAVIDAN RODRIGUEZ; GUY BAILEY,

      Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CV-365

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Rubik Atamian, formerly a tenured professor at University of Texas – Pan American (UTPA), sued when, after the legislature abolished UTPA and created a new university ("UTRGV"), he was not hired at UTRGV. The district court entered a final judgment on March 5, 2018. Atamian timely filed a motion for new trial which was denied on May 10, 2018. It is undisputed that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40571

the deadline for filing a notice of appeal was June 11, 2018 (June 9 was a Saturday), but no notice of appeal was filed before June 13, 2018.

Atamian filed a "Motion for Leave to File Notice of Appeal" on June 15, 2018, claiming "excusable neglect" under Federal Rule of Appellate Procedure (FRAP) 4(a)(5). He asserted that, although notice of the new trial motion's denial was properly sent to the email provided to the district court and received by his lawyer's firm, when it was internally forwarded to the lawyer himself, it landed in "junk mail," and was therefore overlooked. The district court denied that motion, declining to find excusable neglect, and Atamian timely appealed that denial. Thus, while we can review the issue of the district court's refusal to find "excusable neglect," if we do not reverse that decision, we lack jurisdiction over the merits. 28 U.S.C. § 2107.

We have considered the parties' briefing on this issue and the district court's order. We conclude that Atamian has failed to show reversible error in the denial of Atamian's FRAP 4(a)(5) motion. Accordingly, we AFFIRM that order and DISMISS the remainder of the appeal for want of jurisdiction.